## MARY ANN DEWIRE *vs.* DAVID HANLEY.

First Judicial District, Hartford, January Term, 1907.
BALDWIN, HAMERSLEY, HALL, PRENTICE and REED, Js.

The grantee of a clearly defined passway is entitled to the whole of it, and is not to be restricted to a reasonable and convenient way within the prescribed limits.

In 1883 the plaintiff acquired a right of way over "any portion" of a strip of land which extended to the defendant's north line. This line, as the trial court found, was coincident with the middle line of an old stone-wall about 3½ feet thick, which had apparently been built as a division fence, and had stood until after 1900, when it was gradually removed by the defendant who erected a post and board fence upon that portion of the ground originally covered by the stone-wall which lay north of its middle line. In an action for an injunction against this encroachment, and for damages, it was *held:*—

1. That the inability of the plaintiff for more than fifteen years to use the land covered by the division wall as a passway did not destroy her right, nor did the defendant acquire any title to the land under the north half of the wall by adverse possession.

2. That such nonuser of the land covered by the north half of the stone-wall did not constitute an abandonment by the plaintiff of any part of the way which was actually granted to her.

3. That the rights of the parties were established with sufficient clearness and certainty to warrant an injunction.

4. That inasmuch as the plaintiff's rights had been invaded she was entitled to nominal damages.

It is well settled that an injunction is a proper remedy for an obstruction to a private way.

Argued January 2d—decided January 18th, 1907.

ACTION to restrain the defendant from obstructing a passway, and for damages, brought to and tried by the Court of Common Pleas in Litchfield County, *Coats, Acting-Judge;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Homer R. Scoville,* with whom was *Bernard E. Higgins,* for the appellant (defendant).

*William W. Bierce*, with whom was *Willard A. Roraback*, for the appellee (plaintiff).

REED, J. On November 12th, 1883, Samuel Brooker deeded to the plaintiff a piece of land in Torrington, containing about 75 square rods, and the southerly boundary of this land was on the grantor's own land, on a line running parallel with the northerly side of a stone-wall and thirty feet northerly therefrom. This stone-wall was substantially three and a half feet thick, and formed the boundary between said Brooker's land on the north and the defendant's land and land of John Looby on the south, the defendant's land being easterly of said Looby's.

The defendant acquired his land in 1874, by a warranty deed, and that was bounded northerly on this wall. In the deed from Brooker to the plaintiff is this clause, following the covenant of warranty : "Said grantor further sells, conveys, and transfers to said Mary A. Dewire, her heirs and assigns forever, a right of way and passway over the land of said Brooker between the lands of said Hanley and John Looby on the south and the land above described on the north over and upon any portion of said Brooker's land situate as aforesaid, in common with said Brooker, his heirs and assigns."

About six years ago the defendant commenced to remove said wall, and has since entirely removed the same, and the place where it stood has been leveled.

The plaintiff, since she received her deed from Brooker in 1883, has always treated her grant of passway rights in said deed as though the land over which she was granted a right of way was in fact bounded north by her own land, on the south line of which she had built and maintained a fence, so as to give her a passway to and from a street to the easterly, called High Street, and she has continuously exercised that right as her necessity and convenience required ever since. This passway is said in the finding to be known as " French Street," and it is a little narrower at its easterly end on account of a piece of land of Doughty

and Brooker, which bounds the plaintiff's land on the east, approaching nearer to the defendant's land than does that of the plaintiff; so that the land available to plaintiff for a passway is narrower at its easterly end, where it opens into High Street, than it is where lands of plaintiff and defendant are opposite, being at High Street only about twenty feet wide.

While the old stone-wall remained standing, no part of the land on which it stood could be traveled over by the plaintiff, and since its removal the defendant has set posts in that portion of the land originally covered by said stone-wall which was north of its middle line, and built a fence, and this is the encroachment complained of. The trial judge, at the request of the parties, and in the presence of their attorneys, viewed the premises, and from the oral and documentary evidence and his observation, found that the north line of the defendant's land was the middle line of the old stone-wall, and located that line. It also found that the plaintiff did not show on the trial that she had suffered any specific pecuniary loss or expense on account of the acts of the defendant in constructing and maintaining the fence, but did find that should the plaintiff and others be deprived of the use for passway purposes of the strip of land formerly covered by the old stone-wall and lying north of the middle line thereof, the value of the plaintiff's rights in said passway would be substantially less than they would be with the right and opportunity to use said strip, and rendered judgment for $10 damages, and an injunction.

The first reason of appeal is that the court erred in overruling the defendant's claim that since no part of the land occupied by the wall was used as a passway by the plaintiff or others for more than fifteen years after 1883, that therefore, if the plaintiff ever had a right to use any of the ground under said wall, that right was lost by the operation of the statute of limitations.

There was no error in this ruling. If such issue was raised by the pleadings, it is enough to say that, for aught

that appears, the stone-wall was, when erected, a proper form of division fence for that place. The party erecting it had, therefore, a right to put it where it was, and no claim of adverse possession could result in his favor therefrom, as to any part of the ground covered by it. If, however, such issue was not raised by the pleadings, it could not be the basis of a judgment. *Greenthal* v. *Lincoln, Seyms & Co.,* 67 Conn. 372, 35 Atl. 266; *Stein* v. *Coleman,* 73 Conn. 524, 48 Atl. 206; *New Idea Pattern Co.* v. *Whelan,* 75 Conn. 455, 53 Atl. 953.

The second reason of appeal is that the court erred in overruling the defendant's claim that inasmuch as the plaintiff, after coming into possession of her property, selected and used for a passway only a narrow strip of the land between the plaintiff's and defendant's land, no part of which covered any of the land on which the old stone-wall was located, and inasmuch as the plaintiff once elected to use and occupy a certain portion of the land over which she had an easement, she could not now alter or enlarge her right of way. This is practically a claim that the plaintiff had abandoned a part of her right of way by not at first locating and using it.

There was no error in overruling this claim. The plaintiff's deed gave her a right of way over all this strip of land under the north half of this wall. The fact that while the stone-wall remained she could not and did not use the land under it for a part of her passway, did not constitute an abandonment. She did not lose thereby any part of the way actually granted. *Quigley* v. *Baker,* 169 Mass. 303, 47 N. E. 1007; *Bannon* v. *Angier,* 2 Allen (Mass.) 128; *Arnold* v. *Stevens,* 24 Pick. (Mass.) 106; *Butterfield* v. *Reed,* 160 Mass. 361, 35 N. E. 1128; Washburn on Easements (4th Ed.) 717.

There is nothing in the claim that the plaintiff was entitled to anything more than a convenient use of the passway, and as she had that she could not be damaged by this obstruction. Where a passway is clearly defined, the owner is entitled to the whole way and is not confined to

a reasonable and convenient way within its limits. *Nash* v. *New England M. L. Ins. Co.*, 127 Mass. 91.

The claim that the court erred in granting the injunction because the plaintiff had adequate remedy at law, cannot be maintained. It is well settled that an obstruction to a private way forms one of the classes of cases in which an injunction may be sought. 23 Amer. & Eng. Ency. of Law (2d Ed.) 38; *Gerrish* v. *Shattuck*, 128 Mass. 571; *Tucker* v. *Howard*, ibid. 361; *Cadigan* v. *Brown*, 120 id. 493; *Tucker* v. *Howard*, 122 id. 529.

The court committed no error in holding that the rights of the parties were not too uncertain to warrant an injunction. It found from the evidence and a view of the premises that the middle of the old wall was the boundary line, and located that line, and found that the defendant had built the fence north of it. These are questions of fact which we cannot review, and we find no error of law on the part of the trial court in arriving at them.

This sufficiently disposes of all the reasons of appeal except the question of damages. Plaintiff's rights were invaded and she was entitled to some damage. *Watson* v. *New Milford Water Co.*, 71 Conn. 442, 42 Atl. 265. The court committed no error in awarding $10 damages.

There is no error.

In this opinion the other judges concurred.