John Beattie et als., Executors, *vs.* The New York, New Haven and Hartford Railroad Company et al.

Third Judicial District, New Haven, June Term, 1911.
Hall, C. J., Prentice, Thayer, Roraback and Wheeler, Js.

A finding of facts based on conflicting evidence is conclusive upon this court upon appeal.

A loss of profits resulting to a contractor from the owner's wrongful refusal to permit him to do a portion of the work contracted for is recoverable as damages, unless the contractor has waived the breach. But where no profit, and in fact a loss, would have re-

sulted from the completion of that portion of the work, as in the present case, no substantial right of the contractor has been invaded by the owner's technical breach of the agreement.

A new trial will be granted to enable a party to recover nominal damages, only where some real, substantial legal right of his has been invaded. Where there has been such an invasion, however, the law implies damage even though the breach proved in fact to be beneficial to the other party.

Argued June 7th—decided July 31st, 1911.

ACTION to recover damages for an alleged breach of contract, and also for extra labor and material, brought to and tried by the Superior Court in New Haven County, *Williams, J.;* facts found and judgment rendered for the defendants, and appeal by the plaintiffs, who were the executors of the original plaintiff. *No error.*

*Howard C. Webb*, for the appellants (plaintiffs).

*John T. Robinson* and *Francis W. Cole,* for the appellees (defendants).

WHEELER, J. The correction of the finding is the main purpose of this appeal. In most of the particulars in which the finding is complained of, its facts were found upon conflicting evidence, and hence are conclusive.

The case was one of great antiquity; it was tried twenty-three years after the plaintiffs' testator had completed the contract now sued upon; the plaintiffs relied to prove their case upon a few memoranda of their testator, and the testimony of his son, a boy fifteen years of age when the contract was begun and seventeen when it was completed,—testimony which involved an understanding of the contract and the manner of, and reasons for, doing the work thereunder, and a recollection of unusual character, including the memory of

conversations of importance had by his father in connection with the work; opposed to this on vital matters were some facts of established merit, and testimony of reasonableness from men of apparent reliability, who had had the opportunity to know of what they told, and documentary evidence under the hand of the plaintiffs' testator, of payment for much of the work and material sued for. No doubt considerations such as these led the trial court to its findings, and we cannot say it was in error in its conclusions.

By authority of the General Assembly (9 Special Laws, p. 1026), a commission devised a plan for the elimination of the grade-crossing at Asylum Street, in Hartford, and ordered its execution by defendant railroads, and in carrying out the orders of the commission the railroads entered into a contract with John Beattie, the plaintiffs' testator, for certain masonry work. Subsequently, upon petition of the defendants and the city of Hartford, the commission changed the plan, and as a consequence did away with some of the masonry walls provided for by the original plan and said contract, and as a consequence Mr. Beattie did not construct such walls; the loss of profit from such omission constituting the subject of the fifth count of the complaint.

Trial was had upon the third, fifth, and sixth counts of the "Amended Counts."

The third count sought the recovery of a balance due for the construction of the Park River wall. The finding shows that this was for extra work done under an oral contract at a fixed price, and fully paid for.

The sixth count sought the recovery of a balance due for the value of extra cut stones furnished at the request of the defendants on the abutments at Asylum and Church streets. The finding shows that these were furnished and no price definitely agreed upon therefor;

that the defendants inserted, in the estimates furnished the plaintiffs' testator of the work done under his contract, a price similar to that for cut stone under the main contract, and he assented to this price and was paid in full at this price, and accepted such payment in full satisfaction for such cut stone. As to these two counts, the finding is conclusive.

The plaintiffs make no claim of law as to count three, and their fifth, sixth, and seventh claims of law relating to the sixth count are of no consequence as the finding stands.

In the fifth count the plaintiffs allege that there was included in their contract with the defendants a large amount of cut stone for the walls between Asylum and Church streets; that after Mr. Beattie began work under the contract the defendants changed the plans, and refused to permit him to erect said wall in accordance with the plans, to their great damage. The finding shows that the plans were changed by order of the commission, upon application of the defendants, and that in consequence Mr. Beattie could not finish the walls between Asylum and Church streets as originally contracted for. We think the finding fairly shows that the defendants refused to permit Mr. Beattie to fulfil this part of his contract. This was a breach of the contract which neither Mr. Beattie nor the plaintiffs have waived, and for all resulting damage the defendants are liable.

No damage resulted, the finding shows, because, had the work been carried on under the contract, there would have been no profit to Mr. Beattie. This conclusion the trial court presumably reached upon the testimony of the son of the contractor, that his father told him his losses upon this contract were large, and upon the memorandum which the contractor left to the same effect, taken in connection with the similarity be-

tween the work omitted and that done. That there had been no adequate proof presented that there would have been a profit in this part of the undertaking, and that in fact said walls could not have been built for the price stipulated in the contract, without involving pecuniary loss to Mr. Beattie, were clearly inferences and conclusions which the trial court could have drawn, and which we cannot say, as matter of law, it improperly drew.

Even though this conclusion be adopted, the plaintiffs insist they were entitled to nominal damages, since a breach of contract had been proved, and the law will presume some damage arises from every invasion of a right.

As a general rule, a new trial will not be granted to enable a party to recover nominal damages. *Briggs* v. *Morse*, 42 Conn. 258, 260; *Michael* v. *Curtis*, 60 Conn. 363, 22 Atl. 949; *Watson* v. *New Milford Water Co.*, 71 Conn. 442, 450, 42 Atl. 265. "Nominal damages mean no damages at all. They exist only in name and not in amount. In the quaint language of an old writer they are 'a mere peg to hang costs on.' They are such as are to be awarded in a case where there has been a breach of a contract and no actual damages whatever have been or can be shown." *Stanton* v. *New York & E. R. Co.*, 59 Conn. 272, 282, 22 Atl. 300. The circumstances of this case do not furnish an exception to this general rule. Damages in this case can only be technical for a breach of contract without injurious consequences.

Where a real legal right is invaded, a recovery must be had; in such case the law implies damage, though in fact the breach proved a benefit to the other party to the contract. *Brett* v. *Cooney*, 75 Conn. 338, 341, 53 Atl. 729; *Allen* v. *Woodruff*, 63 Conn. 369, 374, 28 Atl. 532; *Dewire* v. *Hanley*, 79 Conn. 454, 65 Atl. 573. In

this case no substantial right of the plaintiffs has been invaded and no right of recovery is involved.

There is no error.

In this opinion the other judges concurred.