FERDINAND WENT ET AL. *vs.* THERESA SCHMIDT.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued June 6th—decided July 25th, 1933.

*John J. Casale,* for the appellants (plaintiffs).

No appearance for the appellee (defendant).

MALTBIE, C. J. The plaintiffs brought an action against the defendant in which they alleged that the defendant promised to pay them the reasonable value of services rendered in caring for her in their home. The defendant made default of appearance. The trial court, having heard the plaintiffs, gave judgment for the defendant and the plaintiffs have appealed. "A default in an action for legal relief admits the material facts declared on as constituting a cause of action, and that, if these do constitute a cause of action, the plaintiff has a right to recover at least nominal damages." *Starr Cash & Package Car. Co.* v. *Starr,* 69 Conn. 440, 446, 37 Atl. 1057; *Paiwich* v. *Krieswalis,* 97 Conn. 123, 125, 115 Atl. 720; *Gallup* v. *Jeffery Co.,* 86 Conn. 308, 311, 85 Atl. 374; *Fox* v. *Hoyt,* 12 Conn. 491, 498. "The defendants, by their omission to deny them, are held to have admitted the truth of all well pleaded material allegations in the declaration, and the consequent right of the plaintiff to judgment for a limited sum, that is, for nominal damages and costs, without the introduction of evidence. This is the extent of the advantage gained by the plaintiff from that admission; if he is not satisfied with nominal, and seeks greater damages, he must proceed to prove the amount, and the declaration, so far forth as the increased amount is concerned, remains subject to the

rules of pleading and evidence, and the proof must follow the allegations as closely as if the case stood upon the general issue. If therefore, in proving the greater damages, the plaintiff proves that they resulted entirely from a wrong which he has not declared upon, this evidence forces him back to the nominal judgment." *Shepard* v. *New Haven & Northampton Co.*, 45 Conn. 54, 58; *New York, N. H. & H. R. Co.* v. *Hungerford*, 75 Conn. 76, 82, 52 Atl. 487. So if, upon the hearing, the court becomes satisfied that the cause of action alleged in the complaint did not in fact exist, the plaintiff is not entitled to recover anything more than nominal damages.

The record before us contains no finding of facts. The contention of the plaintiffs is that the default admitted the agreement to pay for the services alleged in the complaint and it became the duty of the trial court to award them such sum as was found to represent their reasonable value. Under the decisions we have cited this result does not necessarily follow from the default. In the absence of a finding of the facts proven by the plaintiffs, we cannot say that the trial court ought to have awarded them more than nominal damages. If we were at liberty to use the memorandum of decision in place of a finding, it would then appear that the plaintiffs' only evidence in support of the allegations as to an agreement to pay them for services was that the defendant agreed to leave them a certain specified sum by will, and also that the trial court came to the conclusion that there was no such agreement. These circumstances would have been sufficient to prevent the award to the plaintiffs of anything more than nominal damages. The most that we can say is that the plaintiffs were entitled to a judgment for nominal damages. We do not ordinarily grant a new trial in order to entitle a plaintiff to re-

cover merely nominal damages, certainly not, if substantial justice has been done. *Cheshire Brass Co.* v. *Wilson*, 86 Conn. 551, 558, 86 Atl. 26; *Stratford* v. *Fidelity & Casualty Co.*, 106 Conn. 34, 39, 137 Atl. 13. There is no error.

In this opinion the other judges concurred.