ADELE L. COMCOWICH v. MICHAEL ZAPARYNIUK ET AL.

MALTBIE, C. J., BROWN, JENNINGS, DICKENSON and WYNNE, Js.

Argued April 5—decided May 5, 1944.

*Lyman H. Steele,* for the appellants (defendants).

*Theobald E. Conway,* for the appellee (plaintiff).

PER CURIAM. The sole question in the appeal is whether the trial court erred in denying the defendants' motion to open the judgment. The record is in a confused state. The finding contains many paragraphs which are quotations of evidence, statements of law and pure argument which have no proper place in it, as well as many wholly immaterial findings of fact. See Conn. App. Proc., § 76. From it, however, we understand the trial court's conclusions to be that, had due diligence been exercised, the evidence claimed to be newly-discovered could have been produced at the original trial and that the account book proffered as new evidence and submitted to the examination of the trial court was not such as would affect the judgment.

The essential findings are that on or about March 15, 1921, the plaintiff took $300 out of the savings bank and turned it over to the defendants, and that between that time and January, 1924, the plaintiff turned over to the defendants weekly sums of from $5 to $14. An examination of the account book discloses that its relevancy would be as evidence that no such weekly payments were made as the trial court finds. "Newly-discovered evidence which is merely cumulative, or which impeaches the . . . credibility of a witness, will not suffice ordinarily to grant a new trial, and never unless it appears reasonably certain that injustice has been done in the judgment rendered, and that the result of a new trial will probably be dif-

ferent." *Apter* v. *Jordan,* 94 Conn. 139, 143, 108 Atl. 548; *Crook* v. *Clarke,* 124 Conn. 317, 319, 199 Atl. 428. It does not appear that injustice has been done in the judgment rendered; the case turned upon the credibility of the parties whom the trial court had an opportunity to observe, and we cannot say that the hearing of additional testimony would probably change the result.

There is no error.