LUCRETIA M. KELLER *v.* ENRICO CARONE ET AL.

BROWN, C. J., JENNINGS, BALDWIN and INGLIS, Js.[1]

Argued November 8—decided December 11, 1951

[1] By agreement of counsel the case was argued before and decided by four judges.

*Frank A. Francis,* with whom were *John J. Devine, Jr.,* and *Edward J. Turbert,* for the appellant (plaintiff).

*Joseph F. Berry,* for the appellees (defendants).

JENNINGS, J. On February 9, 1949, the car in which the plaintiff was riding was struck twice in the rear by a car owned by the named defendant. Liability was admitted, and the evidence was limited to the damages claimed by the plaintiff. Judgment was for the defendants on the ground that the plaintiff had not sustained the burden of proof as to her damages.

The finding is not subject to correction. From childhood, the plaintiff had suffered from a congenital curvature of the spine. Her condition had caused pain which had become progressively worse until, in 1946, she consulted a physician. She was under treatment for over six months for this condition. On the trial the plaintiff claimed that she had not suffered pain in her back prior to the accident. She was not a credible witness either as to the severity of the accident or as to its effect on her. Even though the defendants had admitted liability, the burden of proof as to the amount of actual damage sustained was upon the plaintiff. *Felton* v. *Felton,* 123 Conn. 564, 567, 196 A. 791. It is true that the effect of the defendants' admission of liability was to establish the fact that a technical legal injury had been done by them to the plaintiff, and

this entitled the plaintiff to at least nominal damages. *Schmeltz* v. *Tracy*, 119 Conn. 492, 496, 177 A. 520; *Dewire* v. *Hanley*, 79 Conn. 454, 458, 65 A. 573; *Parker* v. *Griswold*, 17 Conn. 288, 302. This court, however, will not reverse for a mere failure to award nominal damages if substantial justice has been done. *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.*, 137 Conn. 562, 575, 79 A. 2d 591; *Went* v. *Schmidt*, 117 Conn. 257, 259, 167 A. 721. Inasmuch as the plaintiff failed to prove any actual damage, it was not reversible error to enter judgment for the defendants.

On the day after judgment was rendered the plaintiff filed a motion for a new trial, and later a motion to reopen the judgment, on the ground that she wanted to offer evidence the effect of which would be to show the severity of the collision. The denial of the motion to open the judgment was within the court's discretion. *Tyler* v. *Aspinwall*, 73 Conn. 493, 497, 47 A. 755. There is nothing in the record on which to base a claim of abuse of discretion.

"The application [for a new trial] is addressed to the discretion of the court . . . and must allege and set forth the evidence produced on the former trial, together with the newly-discovered evidence, in order that the court may see whether injustice has probably been done, and whether the newly-discovered evidence is likely to reverse the result." *Gannon* v. *State*, 75 Conn. 576, 578, 54 A. 199. It is enough to say of the motion for a new trial that the evidence which it alleges will be offered is, on the face of the motion, not newly discovered. See *Comcowich* v. *Zaparyniuk*, 131 Conn. 40, 41, 37 A. 2d 612. It was admittedly available at the time of trial. The plaintiff just failed to offer it. By adopting this course she took the chance of an ad-

verse judgment. The decision on this motion was also correct.

There is no error.

In this opinion the other judges concurred.