JOSEPH J. WAICUNAS *v.* JOHN R. MACARI ET AL.

KING, MURPHY, SHEA, ALCORN and COMLEY, Js.

Argued June 7—decided July 31, 1963

*William J. Butler,* with whom, on the brief, was *Harold Gersten,* for the appellant (plaintiff).

*Joseph F. Ryter,* with whom, on the brief, were *Frederick J. Rundbaken* and *William J. Singer,* for the appellees (defendants).

SHEA, J.   The plaintiff is the owner of land in Windsor on which there is a sand and gravel bank. The defendants are general contractors doing business under the name of Macari Brothers.   In November, 1955, the plaintiff agreed to sell to the defendants their requirements of gravel and fill.   In April, 1956, the parties entered into a second agreement, whereby the defendants were granted the exclusive right to withdraw gravel and fill from the plaintiff's property.   On November 13, 1956, the parties entered into a third contract, by which the defendants agreed to pay the plaintiff sixteen cents for each cubic yard of gravel and fill removed from the plaintiff's property and loaded on trucks.   Slips showing the yardage removed by each truck were to be delivered to the plaintiff at the close of each day on which material was taken.   The contract provided, as well, that the plaintiff was to receive credit for a sale of seven cubic yards of material for each load removed by any vehicle commonly

referred to as a six-wheeler, and credit for a sale of twelve cubic yards on each load removed by a so-called ten-wheeler. Thus, when these particular types of vehicles were used, the contract provided a formula for measurement of the material regardless of the actual quantity contained in the truck. The contract also contained a clause requiring the defendants, on termination of the contract, to rough grade and cover with topsoil the area from which they had removed material, pursuant to and in compliance with the rules, regulations and ordinances of the town of Windsor. The defendants also agreed to hold the plaintiff harmless from the imposition of fines or forfeitures imposed by the town as the result of any failure to abide by those rules, regulations and ordinances. When the contract was executed, the parties signed mutual general releases discharging each other from any and all claims arising out of the prior agreements of November, 1955, and April, 1956. The releases were exchanged on the understanding that the defendants should account and pay for withdrawals of gravel and fill from November 1, 1956, in accordance with the contract of November 13, 1956.

The defendants first began to remove gravel from the plaintiff's premises in November, 1955, and they ceased operations on March 31, 1957, the termination date of the contract of November, 1956. Before the removal of any gravel by the defendants, a survey had been made of the gravel bank by a civil engineer, who prepared a map showing the topography of the land. On the termination of the contract, the engineer made another survey to determine the extent of the area of excavation and the amount of material removed from the property. While the defendants were taking out material, the

plaintiff himself had started a gravel business. Following the cessation of the defendants' operations, the plaintiff began to work in the area where the defendants had excavated, and he was still carrying on these operations at the time of the trial. The defendants, at the conclusion of their operations, did not rough grade or cover with topsoil the area from which they had removed material. The plaintiff did not request them to carry out this obligation of their contract for the reason that he was removing gravel and fill from the same area. The town of Windsor has taken no action against any of the parties, nor has it ever claimed that its rules, regulations and ordinances have been violated.

The plaintiff brought this action to recover damages for breach of contract, and for an accounting. He relied, for relief, on his claim for damages for breach of contract. The trial court concluded that the plaintiff had failed to prove, by a fair preponderance of the evidence, that he was entitled to damages resulting from any breach of the contract and rendered judgment for the defendants.

The plaintiff's right to recover for material removed from his property is limited to the period of time covered by the contract of November 13, 1956. The release signed by the plaintiff on the date of the execution of that contract bars him from recovery on any claim arising out of the relationship of the parties before November 1, 1956. In calculating the amount of material removed under the last contract, the plaintiff has ignored its provisions. The parties agreed on a formula for the measurement of the material taken, and they are bound by their agreement. Regardless of the amount of material removed by trucks of the type specified in the contract, the amount of material to

be credited as sold was fixed by the terms of the contract. Those terms would permit the defendants, by carrying bigger loads on the trucks specified, to draw material in excess of that for which the plaintiff would be credited. On the other hand, the trucks may have carried less than the amount for which the plaintiff was credited. In either event, the parties are bound by the agreement which they made and the formula of measurement fixed by it. The plaintiff is not now entitled to show, by resorting to some other method of measurement, that the defendants actually took out more material than they have paid for. Therefore, the attempt to show through surveys made by an engineer that the amount of material actually removed from the property exceeded that for which the plaintiff has been paid is of no consequence.

It is true, as the plaintiff claims, that the trial court accepted certain conclusions of the plaintiff's engineer but did not accept all of the measurements and computations on which those conclusions were based. Even though the conclusion reached by the trial court that the plaintiff was not entitled to damages may have been based on a wrong theory, the plaintiff cannot complain so long as the decision is properly supported on other grounds. *Clark* v. *Shaw*, 143 Conn. 114, 117, 119 A.2d 912. The plaintiff has made no claim that the defendants did not pay for the material taken in accordance with the provisions of the contract of November 13, 1956. Under these circumstances, the plaintiff's evidence was inadequate to permit any recovery, and the court's determination in favor of the defendants was not erroneous.

The plaintiff also contends that the defendants did not carry out their obligation under the con-

tract to rough grade and cover with topsoil the area excavated by them. The defendants were required to do this work at the termination of the contract. They did not comply with the requirement. The reason for their failure to do so is obvious. As soon as the defendants ceased operations, the plaintiff expanded his own sand and gravel business and began excavating in the area where the defendants had been operating. He continued this work to the time of the trial. Any attempt to rough grade as required would have been a useless gesture. At the conclusion of the defendants' operations, the plaintiff was not interested in having the work done, and he has never requested the defendants to do it. In his complaint, the plaintiff alleged that he offered to release the defendants from this obligation but they insisted on grading and covering the property in a manner not contemplated by the agreement. He failed to show that he sustained damage because of this conduct on their part, and the unchallenged facts in the finding support the court's conclusion to this effect. Even though the failure of the defendants to do the work might be considered a technical breach of the contract, the plaintiff has suffered no actual damage, and no injustice was done to him when he was denied recovery on this aspect of the case. The failure to award nominal damages would not justify a reversal of the judgment. *Keller* v. *Carone,* 138 Conn. 405, 407, 85 A.2d 489; *Whitman Hotel Corporation* v. *Elliott & Watrous Engineering Co.,* 137 Conn. 562, 575, 79 A.2d 591.

The claim that the court erred in refusing to strike certain evidence is without merit.

There is no error.

In this opinion the other judges concurred.