MARGARETTA M. K. MAGANINI *v.* ROBERT S.
COLEMAN ET AL.

House, C. J., Loiselle, MacDonald, Bogdanski and Longo, Js.

Argued March 6—decision released April 15, 1975

*Richard F. Comerford, Jr.,* with whom, on the brief, were *Anthony M. Macleod* and *William C. Strong,* for the appellant (plaintiff).

*George F. Lowman,* with whom, on the brief, were *John F. Spindler* and *John E. Deans,* for the appellees (defendants).

PER CURIAM. In this case the plaintiff sought monetary damages and injunctive relief against the defendants for the alleged breach of a restrictive covenant. It arose from the action of the defendants in constructing a swimming pool, pump house, and pool house or cabana on a lot adjoining the residence of the plaintiff, which construction, the plaintiff alleged, violated the provisions of restrictive covenants contained in the deeds of eight adjoining lots developed and sold by a common grantor. The trial court concluded that it was the intent of the common grantor that the restrictions in the deeds be personal to him and, accordingly, they were unenforceable for preceding or succeeding grantees, that no uniform plan of development existed, that the construction on the defendants' property was

permissible despite the restrictive covenants, and that the plaintiff had failed to prove any damages or pecuniary loss to her from the construction, or that the construction constituted a nuisance. The court also concluded that on general principles of equity and of the doctrine of comparative harm and because of the laches of the plaintiff she was not entitled to equitable relief.

The finding of the court is not subject to material correction. It amply supports the conclusion of the court that the plaintiff was not entitled to equitable relief.

The conclusion of the court that the restrictive covenants were personal to the common grantor and not enforceable by the plaintiff against the defendants was, however, in error. The contrary was expressly decided by this court in *Maganini* v. *Hodgson*, 138 Conn. 188, 82 A.2d 801, where the court held (p. 192) that these restrictive covenants came within the general rule that " '[w]hen, under a general development scheme, the owner of property divides it into building lots to be sold by deeds containing substantially uniform restrictions, any grantee may enforce the restrictions against any other grantee.' "

We find , also, that the court did properly conclude that the plaintiff had failed to prove that she had suffered any pecuniary loss or damage.

The end result is that the plaintiff has established that the defendants violated the restrictive covenants which were imposed for the benefit of the plaintiff and other lot owners in the tract, and she was entitled to enforce her property right by timely action. This constituted a legal

wrong to the plaintiff and "[s]ome damage necessarily follows any wrongful invasion of another's property." *Patalano* v. *Chabot,* 139 Conn. 356, 362, 94 A.2d 15. As this court long ago observed: "Now, there is no doubt that, for any wrongful invasion of another's property, some damage necessarily results; and the law does not require any distinct injury to be shown, in order to justify a recovery. It considers the infringement of the rights of a party, an injury, for which damages must be given; because upon no other principle can one's rights be protected. Every infringement of them must, to some extent, endanger the right itself, and a continuance of the infringement would, in time, deprive the party altogether of his right." *Nicholson* v. *New York & New Haven R. Co.,* 22 Conn. 74, 84. "This necessary damage is actual as distinguished from the mere nominal damage involved . . . in some casual and inoffensive tort; . . . but it is nominal as distinguished from any specific damage suffered and proved. In a case like this some damage results from the mere invasion of the plaintiff's rights, and its amount, not being determinable by proof, must be comparatively small and in that sense nominal." *Watson* v. *New Milford Water Co.,* 71 Conn. 442, 450, 42 A. 265; *Dewire* v. *Hanley,* 79 Conn. 454, 458, 65 A. 573.

What we further said in *Patalano* v. *Chabot,* supra, is also pertinent: "Ordinarily, we do not find error in order to permit the plaintiff to recover merely nominal damages. *Went* v. *Schmidt,* 117 Conn. 257, 259, 167 A. 721. The case at bar is of a different nature. At least a token payment is required. *Beattie* v. *New York, N.H. & H.R. Co.,* 84 Conn. 555, 559, 80 A. 709; *Chapin* v. *Babcock,* 67 Conn. 255, 257, 34 A. 1039."

There is error in part, the judgment is set aside and the case is remanded with direction to render judgment for the plaintiff to recover damages assessed at $25.