GENEVIEVE C. RICCIO *v.* RICHARD A. ABATE ET AL.

COTTER, C. J., BOGDANSKI, LONGO, SPEZIALE and PETERS, Js.

416

Argued October 11, 1978—decision released January 9, 1979

*Thomas F. Brown,* with whom, on the brief, was *Charles A. Sherwood,* for the appellant (plaintiff).

*James O'Connor Shea,* with whom, on the brief, was *Gerald H. Cooper,* for the appellees (defendants).

SPEZIALE, J.  In October, 1974, the plaintiff, Genevieve C. Riccio, brought this action to recover for personal injuries that she allegedly received as a result of an accident on October 24, 1972, in which her automobile was struck in the rear by an automobile operated by the defendant Richard A. Abate and owned by the defendant Rosario D. Abate.  On April 4, 1975, the court granted the plaintiff's motion for summary judgment as to liability.  On September 9, 1976, just prior to the start of trial before the jury on the issue of damages, the defendants amended their answer and the defendant Richard admitted that he failed to keep a proper lookout.  At the conclusion of its charge to the jury, the court submitted two separate verdict forms on damages for their consideration: one for the plain-

tiff and one for the defendants. On September 10, 1976, the jury returned a verdict for the defendants, which the court accepted. The plaintiff's motion to set aside the verdict was denied by the court and judgment was rendered for the defendants. This is the plaintiff's appeal therefrom.

There was evidence before the jury that the plaintiff was driving over the Quinnipiac River bridge on I-95 when the automobile operated by the defendant Richard rear-ended her automobile. The traffic was heavy and the vehicles were moving bumper to bumper at a speed of never more than five miles per hour. The plaintiff claimed, inter alia, neck, arm and back injuries as a result of the accident. At trial, there was conflicting expert medical testimony by doctors who had examined the plaintiff: the plaintiff's two doctors believed that her injuries resulted from the accident, but the doctor who testified for the defendants disagreed and concluded that the plaintiff "probably does not actually have any significant permanent injury resulting from the accident itself of 1972."

The sole issue raised on appeal is whether the trial court erred in denying the plaintiff's motion to set aside the jury verdict. The standard that this court must apply in reviewing such an order is strict: "On appeal, the conclusion of the trial court from the vantage point of the trial bench cannot be disturbed unless there is a clear abuse of discretion. *Birgel* v. *Heintz,* 163 Conn. 23, 27, 301 A.2d 249." *Angelica* v. *Fernandes,* 174 Conn. 534, 535, 391 A.2d 167 (1978). "The trial court's refusal to set aside the verdict is entitled to great weight and every reasonable presumption should be given in favor of its correctness. *Waldron* v.

*Raccio,* 166 Conn. 608, 618, 353 A.2d 770; *Neal* v. *Shiels, Inc.,* 166 Conn. 3, 19, 347 A.2d 102." *Katsetos* v. *Nolan,* 170 Conn. 637, 656, 368 A.2d 172 (1976).

Even though the defendants were found liable when the court granted the plaintiff's motion for summary judgment, the burden of proof as to the amount of damages sustained was upon the plaintiff; and the jury in this case were "the ultimate judge of the credibility of witnesses and the weight to be accorded their testimony. *State* v. *Penland,* 174 Conn. 153, 157–58, 384 A.2d 356 (1978). This court cannot retry the facts or pass upon the credibility of the witnesses. *Johnson* v. *Flammia,* 169 Conn. 491, 497, 363 A.2d 1048 (1975)." *State* v. *Hawthorne,* 176 Conn. 367, 371, 407 A.2d 1001 (1978). The verdict returned in this case showed that the jury chose to believe the defendants and not the plaintiff. In testing that verdict, the trial court had wide discretion. We conclude that it did not abuse that discretion in denying the plaintiff's motion to set aside the verdict.

The court was wrong, however, in submitting the two separate verdict forms on the issue of damages to the jury for their consideration.[1] The issue of liability had been previously decided by the court when it granted the plaintiff's motion for summary judgment, and, therefore, the jury had before them only a hearing in damages. The defendants were found liable by the court and the effect of their liability was "to establish the fact that a technical

[1] Using the verdict form for the defendants, the jury returned their verdict as follows: "In this case the jury finds the issue as to damages for the defendants, Richard A. Abate and Rosario D. Abate." Although the plaintiff's counsel did not object to the use of the two verdict forms, we address this issue because of its importance.

legal injury had been done by them to the plaintiff, and this entitled the plaintiff to at least nominal damages. *Schmeltz* v. *Tracy,* 119 Conn. 492, 496, 177 A. 520; *Dewire* v. *Hanley,* 79 Conn. 454, 458, 65 A. 573; *Parker* v. *Griswold,* 17 Conn. 288, 302." *Keller* v. *Carone,* 138 Conn. 405, 406-407, 85 A.2d 489 (1951); *Dimmock* v. *New London,* 157 Conn. 9, 15-16, 245 A.2d 569 (1968). This court, however, as a general rule will not reverse and grant a new trial for a mere failure to award nominal damages.[2] *Sessa* v. *Gigliotti,* 165 Conn. 620, 622, 345 A.2d 45 (1973); *Waicunas* v. *Macari,* 151 Conn. 134, 139, 193 A.2d 709 (1963); *Keller* v. *Carone,* supra, 406-407; *Went* v. *Schmidt,* 117 Conn. 257, 259, 167 A. 721 (1933); *Beattie* v. *New York, N.H. & H. R. Co.,* 84 Conn. 555, 559, 80 A. 709 (1911). This case does not warrant an exception to the general rule; see *Sessa* v. *Gigliotti,* supra; therefore, it was not reversible error that the plaintiff was not awarded nominal damages.

While it is advisable for some actions in negligence to be tried in two parts, i.e., one part as to liability and the second part as to damages (if liability is found on the part of the defendant); see

[2] On the other hand, we have held that the invasion of a "substantial right" would compel this court to overturn the verdict and order a new trial. *Beattie* v. *New York, N.H. & H. R. Co.,* 84 Conn. 555, 559-60, 80 A. 709 (1911). Traditionally, only the invasion of a property right has been accorded such substantiality; *Maganini* v. *Coleman,* 168 Conn. 362, 363-64, 362 A.2d 882 (1975) (violation of restrictive covenant creates exception to rule that verdict failing to award nominal damages for legal wrong will not be overturned; error and judgment directed for $25 nominal damages); *Patalano* v. *Chabot,* 139 Conn. 356, 362, 94 A.2d 15 (1952) (interference with easement creates exception to rule; error and judgment directed for $25 nominal damages); cf. Wright & FitzGerald, Connecticut Law of Torts § 170 (2d Ed. 1968) (at common law nominal damages recoverable for violation of real property rights, but not for invasion of other rights).

annot., Tort—Separate Trial of Issues, 85 A.L.R.2d 9; this case points up the fact that confusion may result if a jury are given two verdict forms when considering damages. The purpose of separate determinations of liability and of damages is to simplify the process by limitation, not to distort it by elimination of one issue altogether. The choice between inconsistent verdict forms in a hearing on damages is not only misleading, but may also encourage the jury to eliminate even the nominal recovery *required* by a prior finding of liability.

As indicated, under the circumstances of this case, we cannot upset the decision of the trial court denying the motion to set aside the verdict on damages; therefore, every effort should be made by the trial court in such cases to impress upon the jury the interdependence of the two issues of liability and of damages, and thereby guard against the return of a verdict that does not award damages for a technical legal wrong.[3] Nominal damages may be a " 'mere peg to hang costs on' "; *Stanton* v. *New York & E. R. Co.*, 59 Conn. 272, 282, 22 A. 300 (1890); but they are justified in a case such as this one where the issue of liability had been previously found for the plaintiff.

There is no error.

In this opinion the other judges concurred.

---

[3] Only the plaintiff's verdict form, addressed to the issue of damages, should have been submitted to the jury, and if the jury had failed to award *any* damages to the plaintiff, the court should then have directed them to return a verdict in favor of the plaintiff for nominal damages.