ALAN RUBIN *v.* SAMUEL RIOS ET AL.

PETERS, HEALEY, PARSKEY, SHEA and COVELLO, Js.

Argued December 11, 1981—decision released April 27, 1982

---

*Anthony F. DiPentima,* with whom, on the brief, was *Albert J. McGrail,* for the appellant (plaintiff).

*Albert J. Callahan,* for the appellees (defendants).

COVELLO, J.  On February 25, 1978, the plaintiff was standing to the rear of his parked automobile at a car wash.  The defendant Samuel Rios, while operating a car owned by the defendant Benjamin Rios, drove into the rear of the plaintiff's automobile, pinning the plaintiff's legs between the two vehicles.

After bringing an action for damages alleging the defendants' negligence, the plaintiff moved for an interlocutory summary judgment on the issue of liability.[1]  The defendants did not raise by pleading or opposing affidavit the plaintiff's failure to meet the statutory criteria or so-called thresholds required for the maintenance of automobile negligence actions by the provisions of § 38-323 of the General Statutes.[2]  The court granted the motion for summary judgment.

Thereafter, the matter of damages was tried to a jury.  The evidence focused on the factual issue of the applicability of the $503.51 in medical bills to the injuries sustained in the accident and the question of whether the plaintiff was permanently injured.

---

[1] Practice Book § 385 provides in relevant part: "A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages. . . ."

[2] General Statutes § 38-323 (a) provides in relevant part: "No cause of action to recover economic loss . . . based on negligence arising out of the ownership . . . or use of a private passenger motor vehicle may be maintained . . . unless the injured party has sustained . . . (2) permanent injury . . . or (7) allowable expense . . . in excess of four hundred dollars . . . ."

The court instructed the jury on the various no-fault criteria or thresholds and thereafter provided the jury with two verdict forms and explained that one was for use in returning a plaintiff's verdict and the other for use in returning a defendants' verdict. The plaintiff took timely exception to the submission of the two forms to the jury. After the jury returned a verdict for the defendants, the plaintiff moved to set aside the verdict and to open the judgment. The motion was denied.

The plaintiff has appealed from the court's denial of his motion. He contends that the court erred in submitting both a plaintiff's and a defendants' verdict form to the jury. We agree.

The rendition of the summary judgment establishes "the fact that a technical legal injury ha[s] been done . . . to the plaintiff, and this entitle[s] the plaintiff to at least nominal damages." (Citations omitted.) *Keller* v. *Carone,* 138 Conn. 405, 406–407, 85 A.2d 489 (1951). The jury here, however, failed to award even nominal damages and returned instead, a defendants' verdict.

As a general rule, this court will not reverse and grant a new trial for the mere failure to award nominal damages. *Sessa* v. *Gigliotti,* 165 Conn. 620, 622, 345 A.2d 45 (1973); *Waicunas* v. *Macari,* 151 Conn. 134, 139, 193 A.2d 709 (1963); *Keller* v. *Carone,* supra, 407; *Went* v. *Schmidt,* 117 Conn. 257, 259–60, 167 A. 721 (1933); *Beattie* v. *New York, N.H. & H. R. Co.,* 84 Conn. 555, 559, 80 A. 709 (1911). This case warrants an exception to the general rule, however, for at this juncture, it cannot be ascertained whether the defendants' verdict represented a rejection of the plaintiff's claims concerning damages, or a finding that the no-fault

thresholds were not crossed, the latter being a factual issue which should not have been submitted to the jury once it was resolved by summary judgment.

By charging the jury on the no-fault thresholds and thereafter submitting the two verdict forms to them, the court in essence reopened the liability issue and submitted it to the jury. "The issue of liability [however] had been previously decided by the court when it granted the plaintiff's motion for summary judgment, and, therefore, the jury had before them only [the matter of] damages." *Riccio* v. *Abate,* 176 Conn. 415, 418, 407 A.2d 1005 (1979).

There is error, the judgment is set aside and the case is remanded for a further hearing in damages.

In this opinion the other judges concurred.