[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
I.
On June 30, 1988, the plaintiff, Mary Louise Carroll, filed a two-count complaint seeking damages for injuries sustained as a result of a motor vehicle accident involving the defendants, Tammy L. Topolski, as operator of the second vehicle, and Beverly Topolski, as its owner. The first count sounds in negligence and the second count sounds in recklessness. The plaintiff alleges in the complaint that the defendant operator drove her vehicle into the rear of the plaintiff's vehicle which was stopped at a traffic light located at an intersection.
On May 1, 1991, the plaintiff Carroll filed a motion for summary judgment with respect to the defendant operator's liability. The plaintiff argues in support of its motion for summary judgment that no genuine issue of material fact exists as to liability. In her memorandum of law in support of the motion, the plaintiff argues that the defendant operator admitted in her deposition testimony that she started to proceed in her vehicle before the plaintiff's vehicle had proceeded, assuming that the plaintiff's vehicle was moving as were the vehicles in both adjacent lanes. The plaintiff further argues that the defendant operator admitted in her deposition testimony that she never looked to see if the plaintiff's vehicle was moving before proceeding forward. The plaintiff submitted a transcript of the deposition testimony of the defendant operator as well as a copy of a statement the defendant operator had given to her insurance company as documentary evidence in support of her motion. The plaintiff also agrees that the defendant operator admitted in her statement to the insurance company that the collision was her fault.
On July 16, 1991, the defendants filed an objection to the plaintiff's motion for summary judgment and a memorandum of law in support thereof. The defendants argue that a genuine issue of fact exists as to liability. The defendants argue that an issue remains as to whether the defendant negligently operated her vehicle and whether the defendant's operation of her vehicle was the proximate cause of the collision. The defendants submitted CT Page 7670 the affidavit of the defendant operator as documentary evidence in opposition to the motion for summary judgment.
The pleadings are closed as required by Connecticut Practice Book Section 379.
 II.
Summary judgment is proper where the pleadings, and any documentary evidence submitted, demonstrate that there exists no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Connecticut Practice Book Section 384; Burns v. Hartford Hospital, 192 Conn. 451, 455 (1984). The trial court must view the pleadings and the documents submitted in the light most favorable to the non-moving party. Batick v. Seymour, 186 Conn. 632, 647 (1982). The movant always bears the burden of demonstrating the propriety of summary adjudication. Mingachos v. CBS, Inc., 196 Conn. 91, 111 (1985).
"Issues of negligence are ordinarily not susceptible of summary adjudication but should be resolved by trial in the ordinary manner." Fogarty v. Rashaw, 193 Conn. 442, 446 (1986), quoting Spencer v. Good Earth Restaurant Corp, 164 Conn. 194, 199
(1972). "Summary judgment procedure is especially ill-adapted to negligence cases, where . . . the ultimate issue in contention involves a mixed question of fact and law, and requires the trier of fact to determine whether the standard of care was met in a specific situation." Spencer, 164 Conn. at 198. The conclusion of negligence requires findings of fact. Id.
A genuine issue of material fact exists with respect to the defendant operator's liability. Although the defendant operator without actually looking may have assumed the plaintiff's vehicle had proceeded, a question of fact remains as to whether the defendant's action met the requisite standard of care in this specific situation. Furthermore, the primary purpose of a deposition taken pursuant to Connecticut Practice Book rules is discovery. Esposito v. Wethered, 4 Conn. App. 641, 645 (1985). "A response to a question propounded in a deposition is not a judicial admission. General Statutes Section 52-200." Id. Thus, the defendant operator's testimony at trial may contradict or differ somewhat from her earlier statement made at the time of her deposition or for her insurance company. A question for the jury to decide may result at that time. See Esposito, 4 Conn. App. at 645.
The plaintiff relies on two cases in support of her motion for summary judgment involving a factual situation of a rear-end motor vehicle collision. See Riccio v. Abate, 176 Conn. 415, (1979); Deandrea v. Poulin, 10 Conn. Law Trib., No. 37, p. 10 (Super.Ct., September 10, 1984, Berdon, J.). In Riccio the CT Page 7671 defendant admitted in his answer that he was negligent. Riccio,176 Conn. at 416. This case is distinguishable from the present dispute in which the present plaintiff Carroll relies on deposition testimony, which is not considered a judicial admission, as documentary evidence of the defendant's negligence in support of a motion for summary judgment. Furthermore, it is submitted that the sole issue on appeal in Riccio was the trial court's refusal to set aside the verdict; the Supreme Court never addressed the trial court's granting of the plaintiff's motion for summary judgment. Id. at. 417. In Deandrea, the court granted summary judgment upon the ground that the defendant failed to file any opposition to the motion, and not solely because of an admission of liability. Deandrea, 10 Conn. Law. Trib. No. 37 at p. 11. The defendants in the instant case have filed opposition to the motion for summary judgment.
Accordingly, the court denys the motion for summary judgment as genuine issues of material fact exist to be determined at trial.
SANTOS, J.