[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] ARTICULATION OF DECISION
A Motion for Modification in the above-entitled case was heard by the undersigned on June 23, 1998. A decision was entered on that date. The plaintiff's counsel filed a Motion forArticulation and/or Corrections dated July 6, 1998. The undersigned ordered a transcript of the June 23, 1998 proceedings on July 14, 1998. The undersigned will endeavor to answer the issues raised by the plaintiff's counsel in the order that they are presented.
The Motion for Modification was granted because the undersigned found that the defendant, Anthony Cruz, had experienced a substantial change in his financial circumstances which was not a result of his own action. During the hearing of June 23, 1998, the testimony elicited from the defendant was extremely credible. The defendant left his prior employment because he was concerned about violating certain terms of his probation. Under all the circumstances, it is understandable why the defendant would make the decision to go into business for himself. If his prior employer, Augustine Electric, could not guarantee to the defendant that said employer would not require the defendant to violate his probation than in the undersigned's view, the defendant had no real choice in the matter. See Transcript pp. 6, 7, 11-14 as on file. The trier of the facts is the judge of the credibility of a witness. Griffinv. Nationwide Moving and Storage Co., 187 Conn. 405, 422 (1982); and Riccio v. Abate, 176 Conn. 415, 418 (1979).
In reference to the evidence of earning capacity to which the plaintiff's counsel refers, if the defendant were unemployed, underemployed or attempting to work in a field unrelated to his training than said evidence would be most probative. However, in the instant case, the defendant was able to satisfactorily answer any questions that the undersigned might have had.
The order was entered as $100.00 per week as child support rather than $102.68 because an order of $100.00 per week is easier to track. Also, the change from $102.68 to $100.00 is a de minimis deviation which is not 15% or more and would not ordinarily necessitate an articulation.
The clerk's notation that the arrearage is due to the State of Connecticut rather than to the plaintiff is a mere CT Page 11964 "scrivener's error" easily corrected. By this date it has probably already been corrected. If not, the undersigned orders that the arrearage is owed to the plaintiff rather than to the State of Connecticut.
Finally, it is both Federal and State of Connecticut law that automatic wage withholdings are to be ordered in every case which is heard by a Judge of the Superior Court or by a Family Support Magistrate of the Superior Court. There are a few exceptions to these laws. The instant case does not fall into any of the permissible exceptions.
Ronald M. Sullivan Family Support Magistrate