[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action brought to obtain legal and equitable relief arising from the alleged violation of restrictive covenants in deeds. The plaintiffs, current and former owners of property CT Page 4208 conveyed by deeds from a common owner, seek an injunction ordering the defendant Lyle to conform his property to the standard required in the covenants; the Siegels, former owners of a house subject to the restrictions, seek monetary damages as a result of an alleged lower sales price caused by the defendant's transgressions.
As noted in the court's prior "notice" dated December 13, 1999, the defendant was defaulted and a hearing in damages was held on November 22, 1999. Briefs were submitted and a status conference was held with counsel. The final brief was submitted, and the hearing closed, in February, 2000.
The evidence submitted at the hearing shows that the properties in issue were subject to restrictive covenants. In pertinent part, each property owner, pursuant to paragraph fifteen of the covenants:
 shall be responsible for the year-round maintenance of the grass, trees, shrubs and other plantings, drives and structures along the full frontage of the hereinconveyed land, from the curb line in a depth of at least one hundred (100) feet, to a standard of maintenance substantially equivalent to that of the average of the two (2) adjoining lots and and the two (2) lots most nearly opposite therefrom across the road, but this covenant shall not be construed to require the owners of the hereinconveyed land to match any special plantings or landscaping on any adjoining or opposite lot; the objective of Owner herein being to keep said premises clean, neat and reasonably cleared of dead and diseased trees and branches, weeds and undergrowth.
The second paragraph provides that if any owner violates any covenant, it shall be lawful for any other owner "to prosecute any proceedings at law or in equity against [the violator] . . ., and either to prevent him or them so doing (sic) or to recover damages or other dues for such violation."
The evidence showed that for some time prior to 1996, the defendant Lyle owned property at 59 Tall Pines Lane, within the development and subject to the restrictive covenants. The plaintiffs Siegel lived, at the same time, at 52 Tall Pines Lane, diagonally across the street. From the evidence presented, I find that Lyle allowed his property to deteriorate, such that the CT Page 4209 front lawn was scraggly at best, the driveway was dirt, the siding was peeling and appeared moldy, there was no landscaping, an old car was in the driveway and the premises were generally run-down. The surrounding properties were traditionally landscaped and well-maintained. After 1997 but before the hearing the defendant improved his premises substantially, but the lawn was still mostly dirt and weeds and the driveway had not been finished. There was no landscaping.
The Siegel[1] attempted to sell their house in 1996 and 1997. The house was appraised in August, 1997, to have the value of $245,000. The asking price at first was about $240,000, but there were no takers for the property at that price. Ms. Siegel testified that prospective purchasers were deterred by the condition of the Lyle property; her observations were corroborated to a degree by a real estate agent. The property ultimately sold for $217,000 in December, 1997. A neighbor's house sold for $218,000, but only after Lyle did some work on his property.
The first count requests injunctive relief and the second count seeks monetary damages for the allegedly below market selling price of the Siegel house. The terms of restrictive covenants are to be construed in light of the intentions of the parties, as determined from the language used, and the motives and purposes sought to be accomplished. Sapher v. Neustadt, 177 Conn. 191,203-04 (1979). Restrictive covenants are to be narrowly construed, and ambiguities resolved in the least expansive manner. Sapher, supra; Reich v. Thoennes, 19 Conn. Sup. 1 (1954).
Even reading the covenant narrowly, I find that Mr. Lyle has violated and is in violation of that portion of paragraph fifteen which requires the driveway, lawn, landscaping and plantings to be substantially similar to the neighboring yards, at least in terms of neatness and cleanliness.[2] He is therefore ordered to plant a lawn with grass, in a manner consistent with neighboring lawns, by no later than May 31, 2000, and to have the driveway finished by August 31, 2000. Further, some shrubbery is to be in place, again in a manner consistent with the neighborhood, by no later than August 31, 2000.
The second count, for money damages, is somewhat more troublesome. I find that Paragraph two authorizes actions for damages, but of course they must be proved. As noted by the defendant in his briefs, the estimate of the appraiser is not CT Page 4210 ironclad; and, in any event, the selling price was about 90% of the appraised value. It is not clear that the difference was attributable to Lyle's property alone, and, even if the appearance of Lyle's property did cause the selling price to be lower than it otherwise would have been, it is difficult to assign a particular value that part of the decrease in price specifically attributable to violations of the covenants. I do find, however, that the violation of the covenants an effect, though minor, on the selling price of the Siegel home, and find the loss to be $1,000. See also Maganini v. Coleman,168 Conn. 362, (1975).
Judgment may enter accordingly.
Beach, J.