[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This case is controlled by Riccio v. Abate, 176 Conn. 415, 407 A.2d 1005
(1979). In Riccio, the trial court granted summary judgment in favor of the plaintiff with regard to liability and the case was tried to a jury solely on the issue of damages. Two verdict forms were submitted to the jury, one for the plaintiff and one for the defendant, and the jury returned a verdict in favor of the defendant. Our Supreme Court held that "[e]ven though the defendants were found liable when the court granted the plaintiff's motion for summary judgment, the burden of proof as to the amount of damages sustained was upon the plaintiff; and the jury in [37 Conn. App. 560] this case [was] the ultimate judge of the credibility of witnesses and the weight to be accorded their testimony . . . the verdict returned in this case showed that the jury chose to believe the defendants and not the plaintiff. In testing that verdict, the trial court had wide discretion. We conclude that it did not abuse that discretion in denying the plaintiff's motion to set aside the verdict." Citations omitted; internal quotations marks omitted.) Id., at 418,407 A.2d 1005.
The jury's failure to award at least nominal damages, and the return of a verdict for the defendant on the issue of damages, is technically incorrect. Nevertheless, we will not ordinarily reverse and grant a new trial for the mere failure to award nominal damages. Riccio v. Abate,
supra at 419, 407 A.2d 1005. The difference between no damages and nominal damages does not shock the sense of justice and automatically mandate a new trial. This is especially true when the plaintiff has consented to the submission of the defendant's verdict form to the jury. The court did not abut its discretion in denying the motion to set aside the verdict and permitted the verdict to stand. CT Page 2254
HICKEY, J.