[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
When one car negligently hits another car but no injury occurs to the second car's occupants, what is the correct form that a judgment should take? That is the issue for the court in this case.
The plaintiff John Preston was a passenger in a State of Connecticut bus when it was bumped slightly by a car driven by the defendant John Cestaro. The Cestaro vehicle was owned by the second named defendant Ocean Service, doing business as Highway Service of Connecticut, Inc.
The accident occurred on November 21, 1994. This lawsuit was commenced in July of 1996. The plaintiff alleged in paragraph 6 of the complaint that the collision was due to the negligence of the defendants. In paragraph 7, the plaintiff alleged that, as a result of the collision, the plaintiff suffered personal injuries. In the answer, the defendants denied paragraph 6 and 7. The case was claimed for a jury and placed on the trial list. The plaintiff then moved for summary judgment as to liability only.
Before the motion for summary judgment was heard, the defendants admitted one of the specifications of negligence in paragraph 6 — failure to keep a proper lookout. The amended answer did not change the denial of paragraph 7 — a denial that the collision was a proximate cause of injuries to the plaintiff. The court considered the motion and granted it on February 3, 1997. The matter was then placed on the "hearing in damages" list and later the parties stipulated to a trial to the court instead of to a jury.
The court concludes from the evidence that the plaintiff was not injured as a result of the collision. True, he complained about back pain shortly after the accident. But the evidence suggests that it is more likely than not that his back pain resulted from an incident that occurred some days or weeks before when he fell or jumped to the floor from a top bunk bed. Moreover the court finds that the slight force of the car backing into the large bus was insufficient to produce any injury to the plaintiff.
So under the circumstances, does this finding result in a judgment for the defendants, or must the court nonetheless find for the plaintiff and award at least nominal damages because of the previous summary judgment on liability in plaintiff's favor?
At common law, the elements of a cause of action for negligence were the following: duty; breach of duty; causation; and injury. Prosser and Keeton, Torts, 5th ed., § 30, p. 164-65. Without proof of each of these, a plaintiff's cause would fail entirely and a plaintiff was not entitled to have the question of damages considered by the trier of CT Page 3365 fact. This was so because conduct that was merely negligent was not considered to be a significant interference with the public interest such that there was any right to complain of it, or to be free from it, without proof of an actual injury. Id., p. 165.
Nor was this merely the old-fashioned view. No less a contemporary authority than the Restatement of Torts, Second, adopts the position that nominal damages are not available in a negligence action where no actual injury is proved, since actual injury is an element of the cause of action. Restatement of Torts, Second § 907, comment a, p. 462.
But Connecticut began to stray from this principle. The path to apostasy can be traced to Schmeltz v. Tracy, 119 Conn. 492, 177 A. 520
(1935). There a female plaintiff sued a male surgeon for common law assault as a result of his performing an unauthorized operation on her to remove certain moles.[1] Common law assault, unlike common law negligence, has no requirement that actual injury be proved in order to recover damages, at least nominal damages. See, e.g. Prosser and Keeton, supra, § 9, p. 40, and § 10, p. 43. In Schmeltz v. Tracy, the trial court had erroneously instructed the jury that the plaintiff had to prove her actual injuries in order to prevail. The Supreme Court, correctly, said no: "This was erroneous, for if the lack of consent was established, the removal of the moles was in itself a trespass and had the legal result of an assault" Id., 495. The court went on: "Even if it be shown that the substantial injuries which the plaintiff suffered are due to her own improper conduct, this is not a defense to a charge of assault; the issue is whether the assault was committed. Proof of the assault entitles the plaintiff to a verdict for at least nominal damages and to such special damages in addition as the plaintiff has alleged, and proved to have proximately resulted from the assault. A violation of a legal right like that alleged in the instant case, imports damage." Id.,
496.
Unfortunately, the concept that a "violation of a legal right" avails a plaintiff of nominal damages, correctly applied to a case of common law assault, is picked up and incorrectly applied in the case of Keller v.Carone, 138 Conn. 405, 85 A.2d 489 (1951), an ordinary negligence case. There the defendants admitted "liability" for striking the rear end of the car in which the plaintiff was riding. Damages were disputed. Finding the plaintiff not credible on the subject of her injuries, the trier of fact found for the defendants and judgment was entered in their favor.
On appeal, the Supreme Court, citing Schmeltz v. Tracy, supra, said the following:
 It is true that the effect of the defendants' CT Page 3366 admission of liability was to establish the fact that a technical legal injury had been done by them to the plaintiff, and this entitled the plaintiff to at least nominal damages. This court, however, will not reverse for a mere failure to award nominal damages if substantial justice has been done. Inasmuch as the plaintiff failed to prove any actual damage, it was not reversible error to enter judgment for the defendants.
Id., 406-07 (other citations omitted).
The tenet that a finding of liability can be made without a finding of injury in a cause of action for negligence reached its apotheosis inRiccio v. Abate, 176 Conn. 415, 407 A.2d 1005 (1979). There the court held that once "liability" has been found against the defendant (in that case, as in this, on a motion for summary judgment) the court should not submit both a plaintiff's and a defendant's verdict form to the jury, but only a plaintiff's verdict form, on the grounds that "confusion may result if a jury are given two verdict forms when considering damages."Id., 420.
In Riccio as in Keller, supra, the jury found the plaintiff not to be credible regarding the injuries claimed to have been sustained in a rear end collision, and therefore declined to award any damages. But as inKeller, the court in Riccio held that "it was not reversible error that the plaintiff was not awarded nominal damages." Riccio v. Abate, supra, 419.
Can these basic common law principles and the more recent Supreme Court pronouncements be reconciled? Not by this trial court. But this court can use the actual holdings of the cases both to heed the principles of the extant common law and to avoid error. The cases hold that when the negligence of the defendant has not been proved to be a proximate cause of any injuries to the plaintiff, it is not reversible error for the trier to find for the defendant and to award zero damages. See, e.g.,Clay v. Teach, 37 Conn. App. 556, 656 A.2d 1065 (1995). This court so finds in the instant case.
The court enters judgment for the defendants.
Patty Jenkins Pittman, Judge