[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT
I. FACTS
The plaintiff, Nicholas J. Exarchou, M.D., filed the instant action on March 23, 1992, in a three count complaint alleging claims for violations of the plaintiff's constitutional due process rights, defamation of reputation and injunctive relief.
These claims arise from the defendants', Edward A. Kamens, M.D., Chairman of the Connecticut Peer Review Organization and the Connecticut Peer Review Organization, Inc., (CPRO), review of the plaintiff's treatment of a patient at Fairfield Hills Hospital. Following the defendants' investigation of the plaintiff, the defendants issued a letter stating their findings, dated October 10, 1991, indicating that the plaintiff was found in serious breach of medical procedure and treatment, a violation of a level III protocol. The plaintiff was provided with some material but had no hearing and was not provided with the name, opinion or report of the experts used by the defendants.
As a result of the defendants' review and findings, the plaintiff's privileges at the Fairfield Hills Hospital were curtailed and the plaintiff has been required by order of the acting chairman of psychiatry to change his practice of medicine.[1]
On August 12, 1992, the plaintiff noticed the deposition of Dr. Kamens. On September 2, 1992 the plaintiff served upon Dr. Kamens a subpoena duces tecum requesting the production of the following:
 To bring all files and records of the Connecticut Peer Review Organization, Inc. with respect to any and all investigation of Dr. Nicholas J. Exarchou, including all doctors' reports and information leading to the issuance of the letters of April 25, 1991 and October 10, 1991.
(Records, subpoena duces tecum, September 2, 1992.) CT Page 3520
On September 8, 1992, the defendants moved to quash the subpoena as to Dr. Kamens and the records on the ground that all of the requested information is privileged and confidential and undiscoverable under federal statute an regulations. 42 U.S.C. § 1320c, et seq., and 42 C.F.R. § 476.132-143.
On September 10, 1992, the plaintiff moved to compel production of the requested information and documents arguing that the federal statute and regulations prohibiting disclosure of the defendants deliberations are unconstitutional as applied to the present facts as violative of the guarantee of procedural due process.
On November 12, 1992, Judge Walsh granted the plaintiff's motion to compel on the ground that the CPRO's deliberation process, pursuant to the Professional Standards Review Organization Statute, 42 U.S.C. § 1320c, et seq., deprived the plaintiff of procedural due process because he was precluded from a pre-deprivation hearing on the merits and cross-examination of the evidence presented against him at the CPRO's deliberation. Exarchou v. Kamens, 7 CTLR 575 (November 12, 1992, Walsh, J.).
On the same date the aforementioned decision was rendered, the defendants filed with this court a timely motion for summary judgment arguing that as a matter of law, the defendants are immune from constitutional and defamation claims asserted against them and, in the alternative, that the defendants did not deprive the plaintiff of any constitutionally protected right or interest and that the complained of communications were privileged.
On December 11, 1992, the plaintiff filed his timely opposing memorandum of law together with supporting affidavit and documents, in response to the defendants' motion for summary judgment, arguing that the defendants are precluded from claiming either absolute or qualified immunity, under the Professional Standards Review Organization Statute, because the defendants acted outside of the scope or their authority, as provided for under 42 U.S.C. § 11111 and Sec. 11112.[2]
On March 29, 1993, the defendants' motion for summary judgment was heard. CT Page 3521
II. DISCUSSION
Practice Book Sec. 379 provides in pertinent part that:
 In any action, except actions for dissolution of marriage, legal separation, or annulment of marriage, and except administrative appeals which are not enumerated in Sec. 257(d), any party may move for a summary judgment at any time, except that the party must obtain the court's permission to file a motion for summary judgment after the case has been placed on the assignment list or has been assigned for trial.
"Practice Book Sec. 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Citation omitted.) Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388 (1991). "Practice Book Sec. 385 provides in relevant part: `A summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the damages . . ." Rubin v. Rios, 186 Conn. 754, 755 n. 1,443 A.2d 1273 (1982). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . ." (Citation omitted.) Connel v. Colwell, 214 Conn. 242,246, 571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Citation omitted.) Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." (Citation omitted.) Fogarty v. Rashaw, 193 Conn. 442, 445, 476 A.2d 582 (1984).
The defendants argue, in their motion for summary judgment, that there is no genuine issue of a material fact, on the issue of liability, This argument is based on the defendants' claim of statutory immunity from civil liability provided for under 42 U.S.C. § 1320c, et seq. The defendants CT Page 3522 also argue, in the alternative, that the defendants did not deprive the plaintiff of any constitutionally protected right or interest and that the complained of communications were privileged.
It is found that the defendants' claim of statutory immunity from civil liability is adequate grounds for the court to base its decision. This court only addresses the narrow issue of immunity from suit under the federal statute and does not make any ruling as to the defendants' alternative argument, involving the constitutionality of the CPRO's deliberation process and whether it comports with procedural due process, which involves genuine issue of material fact. The plaintiff's constitutional challenges should be brought in a declaratory judgment action, rather than in the present civil suit for damages. See Sage-Allen Co. v. Wheeler, 119 Conn. 677,179 A. 195 (1935); Colonial House, Inc. v. Connecticut State Board of Labor Relations, 23 Conn. Sup. 30, 176 A.2d 381
(Super.Ct. 1962).
In order for the federal government to have some control over Medicare and Medicaid services and cost, the professional peer review system was devised. Kwoun v. Southeast Mo. Prof. Standards Rev. Org'n, (Kwoun I.),632 F. Sup. 1091, 1092-93 (E.D. Mo. 1986).
"In order to promote effective, efficient, and economical delivery of Medicare and Medicaid, Congress enacted the Professional Standards Review Organization Amendment to the Social Security Act . . . Pub.L. No. 92-603, tit. II, 249F(b), . . . 42 U.S.C.A. Secs. 1320c, et seq." Id., 1092. "This legislation established a system of external monitoring of institutionally based health care services which Congress intended would be free from the conflicts of interest inherent in the old in-house review method." Id., 1093.
Under this system, Professional Standards Review Organization (PSRO) who have a contractual relationship with the Health Care Financing Administration (HCFA), such as CPRO, "determine (1) whether particular institutionally based services are medically necessary, (2) whether they are of acceptable quality, and (3) whether appropriate care could effectively be provided on an outpatient basis or more economically in an inpatient facility of a different type.42 U.S.C. § 1320c-4(a)(1)." Id. CT Page 3523
42 U.S.C. § 1320c-6(b) provides that
 [n]o person who is employed by, or who has a fiduciary relationship with, any such organization or who furnishes professional services to such organization, shall be held by reason of the performance by him of any duty, function, or activity required or authorized to this part [42 U.S.C. § 1320c, et seq.,] or to a valid contract entered into under this part [42 U.S.C. § 1320c, et seq.], to have violated any criminal law, or to be civilly liable under any law of the United States or of any State (or political subdivision thereof) provided he has exercised due care.
Congress intended to have a clean unencumbered method of review where those sitting in review could and would be able to come to conclusions and express them freely within the confines of the review body without fear of reprisal, attack, and or liability. Kwoun v. Southeast Mo. Prof. Standards Rev. Org'n, (Kwoun II.), 811 F.2d 401, 409 (8th Cir. 1987); see Morse v. Gerity, 520 F. Sup. 470 (D. Conn. 1981); see also Pisel v. Stamford Hospital, 180 Conn. 314, 325 n. 2,430 A.2d 1 (1980); see also Wilson v. Cedarcrest Regional Hospital, 5 CTLR 341 (December 18, 1991, Walsh, J.).
In Kwoun II, the federal court held that the peer review organization's member physicians have absolute immunity from civil liability in connection with the deliberation process. Id., 409. "In short, we are convinced that absolute immunity is "essential for the conduct of the public business," Butz, 438 U.S. at 507, 98 S.Ct. at 2911, in this critical health care area." Id. Pursuant to Kwoun II., the CPRO's member physicians are immune from civil liability in connection with the organization's deliberation. Id.
Therefore, it is this court's opinion that if it were to deny the defendants' present motion for summary judgment, it would violate the legislative mandate of 42 CT Page 3524 U.S.C. § 1320c-6 and the important public policy concern surrounding the federal statute: implementation of the CPRO's supervisory function without fear of reprisal by civil suit.
The plaintiff raises the argument that the defendants acted beyond the scope of their authority and are not entitled to the statutory immunity from civil liability.
There is nothing in the record which supports the plaintiff's argument that the defendants acted beyond the scope of their authority as provided for in42 U.S.C. § 1320c, et seq. The facts support a finding that the defendants adhered to the guidelines provided by42 U.S.C. § 1320c, et seq., and that the defendants exercised reasonable care in the peer review of the plaintiff physician.
III. CONCLUSION
For the reasons herein stated, it is concluded that the court should and does hereby grants the defendants' motion for summary judgment on the ground that42 U.S.C. § 1320c-6(b) provides absolute immunity from civil liability and because there is no genuine issue of material fact, on the issue of liability, and that the defendants are entitled to judgment as a matter of law.
It is so ordered.
ARENA, J.
Judgment Entered in Accordance with Foregoing Memorandum of Decision.
Michael Kokoszka, Chief Clerk