[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This action arises out of an automobile accident. The plaintiff, Zakhar Pishnov, has filed an amended complaint sounding in negligence against the defendant, Diane M. Lewis. The amended complaint alleges that on the morning of December 12, 1991, the defendant's vehicle, operated by the defendant, entered Interstate Highway I-95 from the Route 7 entrance ramp and, without warning, crossed over all three lanes of traffic and collided with the plaintiff's automobile. The plaintiff alleges that the accident and the plaintiff's resulting damages and injuries were caused by the defendant's negligence.
The defendant answered the complaint and therein denied each allegation of negligence.[1] The plaintiff filed, pursuant to Practice Book Section 385, a motion for summary judgment as to the issue of the defendant's liability only. In support of his motion, the plaintiff filed a memorandum of law; the plaintiff's affidavit with a copy of the state police accident report attached; and, a copy of the excerpts of the defendant's deposition testimony. The defendant filed a memorandum of law in opposition to the motion.
"Practice Book § 384 provides that summary judgment `shall be rendered forthwith if the pleadings, affidavits and any CT Page 6020 other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.'" (Internal quotation marks omitted.) Zauner v. Brewer, 220 Conn. 176, 180, 596 A.2d 388
(1991); see also Rubin v. Rios, 186 Conn. 754, 755 n. 1,443 A.2d 1273 (1982) (quoting P.B. § 385: "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to the damages . . . ."). "[T]he party seeking summary judgment has the burden of showing the nonexistence of any material fact." Connellv. Colwell, 214 Conn. 242, 246, 571 A.2d 116 (1990). "In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." Id., 246-47. "To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984).
The plaintiff in the present case moves for summary judgment as to the issue of the defendant's liability only and argues that the plaintiff's affidavit, the police report, and the defendant's deposition testimony, all submitted in support of the motion, establish that there remains no genuine issue of material fact that the automobile accident between the parties was caused by the negligence of the defendant.
The defendant argues, inter alia, that the plaintiff's documentary evidence is defective and cannot be relied upon by the court to establish the fact leading up to the accident in question. In particular, the defendant notes that the police report attached to the plaintiff's affidavit is not certified as required by the Practice Book. Additionally, the defendant argues that the plaintiff's affidavit fails to contain an averment that facts testified to by the plaintiff are from the personal knowledge of the plaintiff.
Practice Book Section 380 provides that "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like . . . ." (Emphasis added.) P.B. § 380. "Uncertified copies of excerpts of deposition transcripts are not admissible as evidence and do not comply with the requirements of Practice Book § 380." Oberdick v. AllendaleCT Page 6021Mutual Insurance Co., 9 Conn. L. Rptr. 607, 608 (1993, Celotto, J.). Although the defendant failed to object, the plaintiff has submitted uncertified copies of excerpts of the defendant's deposition. Therefore, the court cannot consider the uncertified deposition testimony for the purposes of the present motion for summary judgment because the transcript is not independently admissible as evidence and it fails to comply with the requirements of the Practice Book. Id.
Furthermore, the court cannot consider the police report or rely upon the plaintiff's affidavit to shed light upon the facts concerning the accident between the parties. Practice Book Section 381 provides that "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto." (Emphasis added.) P.B. § 381. The police report attached to the plaintiff's affidavit is not certified. Furthermore, there is no testimony before the court that establishes that the police report is independently admissible as a business record. See Connecticut General Statutes § 52-180. Therefore, the police report is not properly before the court as evidence, and thus, the court cannot look to the police report to establish facts concerning the accident between the parties.
Also, the affidavit of the plaintiff fails to contain an averment that the testimony provided therein is from the personal knowledge of the plaintiff as required by the Practice Book § 381. See P.B. § 381. Practice Book § 381 "sets forth three requirements necessary to permit the consideration of material contained in affidavits submitted in a summary judgment proceeding. The material must: (1) be based on `personal knowledge'; (2) constitute facts that would be admissible at trial; and (3) affirmatively show that the affiant is competent to testify to the matters stated in the affidavit." Barrett v.Danbury Hospital, 232 Conn. 242, 251, 654 A.2d 748 (1995). "It is especially appropriate to hold an affidavit submitted by a moving party to a stringent standard. Because the burden is on the movant, the evidence must be viewed in the light most favorable to the nonmovant and he is given the benefit of all favorable inferences that can be drawn." Evans Products v. Clinton BuildingSupply, Inc., 174 Conn. 512, 516, 391 A.2d 157 (1978). CT Page 6022
While it is clear that the plaintiff has personal knowledge that he was driving on I-95 on the morning of December 12, 1991, the court cannot assume that the plaintiff has personal knowledge of the other facts testified to within the affidavit. For instance, the plaintiff states in the affidavit:
 "3. While traveling in [west on I-95], the defendant, Diane Lewis, driving her automobile came down the entrance ramp of Route 7 at an excessive rate of speed, drove directly across all three lanes of Interstate 95 and slid into my vehicle causing a collision.
 4. Said incident was investigated by the Connecticut State Police wherein the defendant admitted to them that she was traveling approximately 60 m.p.h. on the entrance ramp and that her vehicle slid off the ramp onto I-95 and across the lanes and colliding [with] my vehicle. (copy [of] said report attached hereto and made a part of this affidavit)."
See Pltf's Affidavit, ¶¶ 34, filed in Support of the Motion for Summary Judgment. The plaintiff is testifying to facts that he discovered from reading the police report that is not properly before the court as evidence. Therefore, without an averment affirmatively stating that such facts are from the personal knowledge of the plaintiff, the court must disregard the facts in the affidavit where it is questionable that the plaintiff has independent personal knowledge. See Barrett v. Danbury Hospital,
supra, 232 Conn. 251; Evans Products v. Clinton Building Supply,Inc., supra, 174 Conn. 516.
The plaintiff has not met his burden of showing the nonexistence of material fact. See RK Constructor, Inc. v. FuscoCorp., 231 Conn. 381, 384, 650 A.2d 153 (1994) ("The essential elements of a cause of action in negligence are well established: duty; breach of that duty; causation; and actual injury."). Accordingly, the plaintiff's motion for summary judgment is denied.
D'ANDREA, J.