[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT #109
Introduction
The plaintiff, Barbara Pape d/b/a Associated Landscaping Services, filed a three-count amended complaint dated August 16, 1996, against the defendants, Kenneth and Susan Ambrecht. The first count seeks the foreclosure of a mechanic's lien filed against the defendants' home in New Canaan, the second count is a claim of quantum meruit and the third count alleges a breach of contract. The defendants filed an answer, special defenses and counterclaims. The defendants also filed a motion for summary judgment dated October 3, 1996, seeking summary judgment on all three counts of the plaintiff's complaint and counts one, two and six of their counterclaim.
"Summary judgment procedure is designed to dispose of actions in which there is no genuine issue as to any material fact."Dougherty v. Graham, 161 Conn. 248, 250, 287 A.2d 382 (1971). Summary judgment "shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Gurliacci v. Mayer,218 Conn. 531, 562, 590 A.2d 914 (1991), citing Zichichi v.Middlesex Memorial Hosp., 204 Conn. 399, 402, 528 A.2d 805
(1987). A "material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Internal quotation marks omitted; citations omitted).Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573, 578,573 A.2d 699 (1990). The test for granting summary judgment "is whether a party would be entitled to a directed verdict on the same facts." Suarez v. Dickmont Plastics Corp., 229 Conn. 99,105-06, 639 A.2d 507 (1994), citing Cornell v. Colwell, 214 Conn. 242,246-47, 571 A.2d 116 (1990). The Connecticut Appellate Court CT Page 9910 has stated that, "[i]n Connecticut, a directed verdict may be rendered only where, on the evidence viewed in the light most favorable to the nonmovant, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." Sheriden v. Board of Education, 20 Conn. App. 231,239, 565 A.2d 882 (1989).
The party moving for summary judgment "has the burden of showing the absence of any genuine issue as to all the material facts which . . . entitle him to a judgment as a matter of law." (Internal quotation marks omitted). Suarez v. Dickmont PlasticsCorp., 229 Conn. 99, 105, 639 A.2d 507 (1994). The trial court, therefore, "must view the evidence in the light most favorable to the nonmoving party." Id. "[T]o satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact." Fogarty v. Rashaw, 193 Conn. 442, 445,476 A.2d 582 (1984), citing Dougherty v. Graham, 161 Conn. 248,250, 287 A.2d 382 (1971).
"Once the moving party has presented evidence in support of the motion for summary judgment, the opposing party must present evidence that demonstrates the existence of some disputed factual issue[.]" Hammer v. Lumberman's Mutual Casualty Co., 214 Conn. 573,578, 573 A.2d 699 (1990). However, "[m]ere assertions of fact [by the opposing party] . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § 380." Id. at 578-79. Sufficient evidence presented by the movant "is not rebutted by the bald statement that an issue of fact does exist." Id. at 579, citing Burns v. Hartford Hospital,192 Conn. 451, 455, 472 A.2d 1257 (1984). Additionally, the facts recited by the opposing party must "contradict those offered by the moving party." Doughery v. Graham, 161 Conn. 248, 250,287 A.2d 382 (1971).
In deciding a motion for summary judgment, "the court is bound by Conn. Prac. Book Sec. 380 to consider only the documents submitted by the parties." Hodges v. Marriot Corp., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 302263, (February 16, 1994, Pittman, J., 11 Conn. L. Rptr. 98, 99). Furthermore, "[i]n passing on a motion for summary judgment, the trial court is to determine whether an issue of fact exists but may not try that issue if it does exist." McColl v. Pataky,160 Conn. 457, 459, 280 A.2d 146 (1971). See also Suarez v.CT Page 9911Dickmont Plastics Corp., 229 Conn. 99, 107, 639 A.2d 507 (1994).
Practice Book § 385 provides, in pertinent part, that "[a] summary judgment, interlocutory in character, may be rendered on the issue of liability alone, although there is a genuine issue as to damages." In such a case, the jury or the court may only hear evidence relating to damages. See, e.g.,Rubin v. Rios, 186 Conn. 754, 757, 443 A.2d 1273 (1982) (court could only instruct the jury on damages issue because liability had been previously decided in summary judgment ruling).
Facts
The defendants are the owners of a private residence in the town of New Canaan. On or about June 22, 1995, the defendants entered into a contract with Associated Landscaping Company, Inc. (hereinafter referred to as "the Company") for certain landscaping improvements to their private residence. The contract falls under the Home Improvement Act (hereinafter referred to as "the Act") pursuant to General Statutes § 20-418 et seq. However, the Company was not registered as a Home Improvement Contractor as required by General Statutes § 20-420. The contract was signed by Randy Pape, the husband of the plaintiff, as President of the Company. The plaintiff alleges that the contract with the defendants was assigned by the Company to the plaintiff, but the only evidence of this assignment was in the plaintiff's affidavit, paragraph 4, which makes a bald statement that the contract was assigned to the plaintiff. The plaintiff's affidavit does not state the date the assignment took place nor give any other evidence of said assignment. The only documentary evidence of the transfer is an insurance certificate issued in the plaintiff's name for the defendants' residence. All correspondence and invoices regarding this project were from the Company and signed by Randy Pape. Substantial landscaping work was performed on the defendants' residence from July 12, 1995 to February 8, 1996. During this time period, the plaintiff never registered the trade name under which she claims to have received the assignment.
Discussion
 Plaintiff's Complaint
A contractor that does not comply with the Home Improvement Act cannot recover from a consumer, unless the contractor can CT Page 9912 prove "bad faith" on the part of the consumer. See A. Secondo Son, Inc. v. Loricco, 215 Conn. 336, 576 A.2d 464 (1990) (contractor who failed to comply with the Act cannot recover under theory of quantum meruit); Barrett Builders v. Miller,215 Conn. 316, 576 A.2d 455 (1990) (contractor who failed to comply with the Act cannot recover by demonstrating unjust enrichment for worked performed); Sidney v. DeVries, 215 Conn. 350,576 A.2d 228 (1990) (contractor could not recover where contract is not in writing as required by the Act); Rizzo Pool Co. v. Del Grosso,232 Conn. 666, 657 A.2d 1087 (1995). "In interpreting the language of a statute, the words must be given their plain and ordinary meaning and their natural and usual sense unless the context indicates that a different meaning was intended. . . . When the language is plain and unambiguous, we need look no further than the words themselves because we assume that the language expresses the legislature's intent. . . . Indeed, [a] basic tenet of statutory construction is that when a statute is clear and unambiguous, [generally] there is no room for construction. . . ." (Citations omitted; internal quotation marks omitted.) Mattatuck Museum-Mattatuck History Soc. v. Admin.,238 Conn. 273, 679 A.2d 347 (1996). The Act is clear and unambiguous that the contract needs to be in writing and signed by the owner and the contractor. General Statutes § 20-429 (a). The plaintiff does not have a written contract signed by the owner and the contractor as required by the Act. The plaintiff claims to be the assignee of a contract between the Company and the defendants. However, an assignment of a Home Improvement Contract is not allowed unless there is compliance with the Act; i.e., the assignment of the contract needs to be in writing and signed by the owner and the assignee. In this case, the plaintiff was not in compliance with the Act, in that there was no written assignment signed by the owner and the assignee. In reviewing the evidence in the light most favorable to the plaintiff, the court finds that no genuine issue of material fact exists relating to this claim, the contract is not enforceable because the Company was not a registered Home Improvement Contractor and the purported assignment was not valid.
The plaintiff contends that there is a genuine relating to the issue of the "bad faith" of the defendants, which would allow them to recover under a theory of quantum meruit. The plaintiff claims that the contract signed by the Company and the defendants, which did not comply with the Act, was prepared by the defendants' agent. The contract was misleading as to who were the actual owners of the property. The defendants requested CT Page 9913 additional work to be performed beyond the scope of the contract. The Supreme Court has "defined bad faith as involving actual or constructive fraud, or a design to mislead or deceive another, or a neglect or refusal to fulfill some duty or some contractual obligation, not prompted by an honest mistake as to one's rights or duties, but by some interested or sinister motive. . . . In other words, bad faith means more than mere negligence; it involves a dishonest purpose." (Citations omitted; internal quotation marks omitted.) Wadia Enterprises, Inc. v. Hirschfeld,224 Conn. 240, 248, 618 A.2d 506 (1992); Habetz v. Condon,224 Conn. 236, 237, 618 A.2d 501 (1992). The court finds that the plaintiff does not have the standing to raise these claims since the court has found the alleged assignment of the contract to be invalid as a matter of law. Even if the court found the plaintiff to have standing to raise this issue, in reviewing the evidence in the light most favorable to the plaintiff, the court finds no genuine issue of material fact exists relating to this bad faith claim and finds that none of the plaintiff's bad faith allegations rise to the level of bad faith as set forth in Wadia.
The plaintiff cannot, therefore, recover under quantum meruit.
The plaintiff also claims that the Act does not apply because some of the work was performed on an unimproved lot next to the lot upon which the house of the defendant is located. The plaintiff argues that the unimproved lot is not "used or designed to be used as a private residence." The court, in reviewing the evidence in the light most favorable to the plaintiff, finds that because the unimproved lot is adjacent to the lot upon which the defendants' house is located and is used as part of the defendants' private residence, it falls under the purview of the Act. Therefore, no genuine issue of material fact exists.
The third count is for breach of contract. Since the court has found that this action is covered by the Home Improvement Act and that no enforceable contract exists, the plaintiff may not recover for breach of contract. Sidney v. DeVries, supra,215 Conn. 350.
Therefore, the defendants' motion for summary judgment is granted as to all counts of the plaintiff's complaint.
Count One of Counterclaim
Count one of the defendants' counterclaim alleges a violation of the Connecticut Unfair Trade Practice Act ("CUTPA") because CT Page 9914 the plaintiff violated the Home Improvement Act. The court has previously found that the plaintiff has violated the Home Improvement Act. A violation of the Home Improvement Act is a "per se" violation of CUTPA. Woronecki v. Trappe, 228 Conn. 574,579, 637 A.2d 783 (1994). The defendants' motion for summary judgment as to count one of their counterclaim is granted as to liability only.
Count Two of Counterclaim
Count two of the defendants' counterclaim alleges a violation of the Connecticut Unfair Trade Practice Act ("CUTPA") because of the plaintiff's violation of the provisions of General Statutes § 35-1. General Statutes § 35-1 provides in pertinent part: "No person . . . shall conduct or transact business . . . under any designation, name or style . . . other than the real name . . . of the person . . . conducting such business, unless there has been filed, in the office of the town clerk . . . a [trade name] certificate . . . . Failure to comply with the provisions of this section shall be deemed to be an unfair or deceptive trade practice under subsection (a) of section 42-100b." As such, a failure to comply with General Statutes § 35-1
is a "per se" violation of CUTPA. The plaintiff has admitted that, at all relevant times, she had not complied with this statute. Therefore, the defendants Motion for summary judgment as to count two of their counterclaim is granted as to liability only.
Count Six of Counterclaim
Count six of the defendants' counterclaim alleges a violation of General Statutes § 49-51. General Statutes § 49-51
provides that any person having an interest in real property which is the subject of an invalid lien can give notice to the lienor to discharge the lien. If the lienor fails to discharge the lien within thirty days, the court can award damages to the person having an interest in the property for the failure of the lienor to discharge the lien. The defendants have complied with the notice requirements of the statute. The court has previously rendered judgment for the defendants on the plaintiff's complaint. Therefore, no genuine issue of material fact exists and the defendants' motion for summary judgment as to count six of their counterclaim is granted as to liability only.
Conclusion
CT Page 9915
The defendants' motion for summary judgment as to the plaintiff's complaint is granted. The defendants' motion for summary judgment as to counts one, two and six of their counterclaim is granted as to liability only.
Mintz, J.