[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
April 14, 2000 the court filed a memorandum limited to the temporary injunction requested in this matter. The parties have now informed the court that they both tried the case with the expectation that the court's decision would be based on a request for a permanent injunction and include the counterclaim demands.
The court now adopts all of its findings of fact and legal rulings to apply to the request for a permanent injunction. There is clear and convincing proof to support plaintiff's claims in regard to the right of way. The court cannot find that defendant's actions at the dam/bridge including the placing of stakes on the bridge, caused any damage to plaintiffs. See infra re: Counterclaim Count One.
Judgment for plaintiffs for full and unfettered use of all the parcel area in question, including but not limited to Town of Glastonbury maintenance and plowing and the use by vehicles making deliveries and any CT Page 7864 necessary parking to unload same and damages of $200 but no punitive damages.
 RE: COUNTERCLAIM
Defendant has filed a counterclaim in four counts.
As to Count One, the court finds that on at least one occasion one or both of plaintiffs used a short section of defendant's driveway to turn a vehicle around but the court cannot find any injury, even nominal, to the defendant from those actions. Kelly v. Ivler, 187 Conn. 31, 46; Rubin v.Rios, 186 Conn. 754, 756; Leobo v. Leninski, 2 Conn. App. 715, 725.
As to Count Two, the court finds that any modification made to the so called dam/bridge was done with defendant's consent and clear acquiescence. In addition the court cannot find that such modifications put defendant's land and buildings at risk of flooding or water damage. The dam/bridge is not a nuisance. The law in regard to this count is set out in the court's Memorandum of April 13, 2000.
As to Count Three, the defendant's evidence was that on several occasions Patrick McManus (Patrick) spoke to her in a gross sexually explicit manner that caused her suffering and distress beginning in 1995 and continuing until March 1, 1999. Defendant's trial brief of April 3, 2000 indicates that there was a neighborly relationship but the "problems" arose when the horse boarding situation became a dispute as shown in defendant's letter to plaintiff Kathleen McManus of March 1, 1999. That letter makes no mention of Patrick. During the period from 1995 to March 1, 1999 defendant made no complaint to the plaintiffs or to the local police about Patrick's alleged inappropriate speech. The defendant's problem with regard to those allegations is that during the period in which plaintiff has claimed that Patrick's statements occurred she had dinner with plaintiffs, borrowed equipment from Patrick and generally had what would appear to be a normal neighborly relationship with said Patrick.
Defendant has failed to sustain her burden of proof in regard to Count Three.
As to Count Four, the same factual material mentioned as to Count Three is applicable. The court finds that defendant has failed to sustain her burden of proof as to Count Four.
As to the Counterclaim, judgment is for plaintiffs.
Norris L. O'Neill, J. CT Page 7865